PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

IN THE UNITED STATES DISTRICT COURT
FOR THE Southern DISTRICT OF TEXAS
Houston DIVISION

United States Courts
Southern District of Texas
F I L E D
JUN 05 2020
David J. Bradley, Clerk of Court

Ronald DeRouen #02613902
Plaintiff's Name and ID Number

Harris County Jail - Houston, Tx.
Place of Confinement

CASE NO._____
(Clerk will assign the number)

v.

Ed Gonzalez - Harris County Sheriffs Office
Defendant's Name and Address

_____
Defendant's Name and Address

_____
Defendant's Name and Address
( DO NOT USE "ET AL.")

---

### INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

**FILING FEE AND *IN FORMA PAUPERIS* (IFP**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "...if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." See 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee; then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:

    A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___ YES ✓ NO

    B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)
      1. Approximate date of filing lawsuit: N/A
      2. Parties to previous lawsuit:
        Plaintiff(s) N/A
        Defendant(s) N/A
      3. Court: (If federal, name the district; if state, name the county.) N/A
      4. Cause number: N/A
      5. Name of judge to whom case was assigned: N/A
      6. Disposition: (Was the case dismissed, appealed, still pending?) N/A
      7. Approximate date of disposition: N/A

II. PLACE OF PRESENT CONFINEMENT: Harris County Jail

2

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure? ✓ YES ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Ronald DeRouen 02613902 701 San Jacinto Houston, Texas 77002

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: Ed Gonzales, Harris County Sheriff, Sheriff's Office,

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

See Attachments.

Defendant #2: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #3: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #4: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #5: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

V. STATEMENT OF CLAIM:

3

LL052-8-16

prevention and safety was non-existant.

(3) Jail Officials did not share or print critical information in English or Spanish to post throughout the jail for inmates to read and know whats going on with Covid-19, steps being taken by the jail, and steps being taken by the Medical Department. There were no updates to any "steps" being taken or the "status" of anything pertaining to inmate safety.

(4) Inmates were not issued Personal Protection Equiptment (masks) for over a month while Covid 19 was flourishing inside and outside of the jail. Jail officials only passed out face masks after a barrage of complaints via the dorm kiosk. To this day, inmates have only received 3 issued masks by jail officials. Inmates were told we didn't need masks, or we didn't deserve them. Because officials didn't give us masks or gloves, they took the fact that we didn't have masks or

gloves as a reason and excuse to deny us a variety of services.

⑤ Shift Supervisors and Jail Officials constantly denied our requests to go to Medical when we reported we weren't feeling good. Denials came in the form of: "No inmate movement is allowed", "we're not showing any symptoms", "we don't meet the criteria for a test", "we don't have masks or gloves to leave the pod", "Medical Personell will come to us", etc.

⑥ Inmates in Quarantine for Covid-19 were allowed to go to work everyday in the kitchen to prepare food, as were those who "volunteered" for work. This practice continued until I wrote a grievance. Quarantined inmates were also allowed to leave their Pod to go to other pods in their section to get brooms, mops, mop buckets, trash, books, commissary, and to talk to other inmates through the door slot, which could possibly spread the infection.

Section VI

Relief:

(1) That inmates are provided clean clothes, cleaning supplies, Personal Protection Equiptment (masks, gloves), clean towels on a regular basis.

(2) Inmates not be allowed to work in the kitchen or other areas of the jail while in quarantine.

(3) That the Court make a determination that the Harris County Jail is indeed unsafe and make a judgement ordering steps to be taken for my release from jail via Personal Recognizance (General Order Bond) or Cash Bond, from Harris County and other counties.

(4) Court assess Monetary Damages in the amount of $500,000 for damages acquired/endured by jail negligence.

(5) Court assess Punitive Damages in the amount of $500,000.

⑥ Court assess damages in the amount of $500,000 for Mental Anguish.

⑦ The Court impose any other actions deemed necessary in regards to health and safety.

⑧ Court order mandatory testing for all inmates who were housed specifically in 3-F-1, 3-F-2, 3-F-3, and 3-F-4 from March 1, 2020 until "Present", whether they are still housed in these pods or in other parts of the jail, these tests can substantiate any and all claims of negligence and deliberate indifference.

⑨ Inmates be educated in English and Spanish about Covid-19 on Prevention and how to stay safe while in custody.

Section VI

(10) Officials stop mixing Quarantined inmates with Non-Quarantined inmates via moves made by Classification and Shift Supervisors, trips to Court, trips to the Infirmary, trips to Triage in the hallways, or any other area in the jail where inmates are "herded" into holding cells or waiting areas without masks or gloves like cattle to wait and receive services.

(11) Inmates be exposed to a constant medical presence or observation throughout the jail during and after this pandemic for testing, temperature checks, complaints, concerns, etc, on a regular and consistant basis instead of leaving us unattended in pods where our requests for services are constantly denied.

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how <u>each</u> defendant is involved. <u>You need not give any legal arguments or cite any cases or statutes</u>. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

① Sheriff's Office has not done enough to protect inmates from Covid-19. Access to chemicals, sanitizer, soap, clean clothes, towels, sheets, bleach, etc, has been "sporadic" at best. Cleanliness in the pods and in the D-Space is non-existant.

② Jail Officials had a responsibility to inform and educate inmates about Covid-19 about the do's and don't's for prevention, how the virus spreads, etc. Any guidance for

VI.   RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

See Attatchments.

VII.  GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Ronald DeRouen

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

504705   TDCJ

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?   ____YES  ✓ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that imposed sanctions (if federal, give the district and division):   N/A
   2. Case number:   N/A
   3. Approximate date sanctions were imposed:   N/A
   4. Have the sanctions been lifted or otherwise satisfied?   N/A   ____YES ____NO

C. Has any court ever warned or notified you that sanctions could be imposed? ____YES ✓NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

  1. Court that issued warning (if federal, give the district and division): N A
  2. Case number: N A
  3. Approximate date warning was issued: N A

Executed on: June 1, 2020
　　　　　　　DATE

(Signature of Plaintiff)

**PLAINTIFF'S DECLARATIONS**

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this __1st__ day of __June__, 20 __20__.
　　　　　　(Day)　　　　　　　(month)　　　　　　(year)

(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

LL052-8-16                                5